CaiujtiieRS, J.,
delivered the opinion of the Court.
This is an action of assumpsit for calls on stock subscribed by Cunningham in the Edgefield and Kentucky Railroad Company.
The main defence is, that at the time the stock was subscribed, there was fraud and deception practiced upon him by one Enoch P. Connell, who was acting as agent of the road in obtaining stock, in this: He refused to take stock unless one Cartwright, a son-in-law of Con-nell, would do so before him; .and Connell, without authority from Cartwright, entered his name for twenty shares under a pretended power from him, but, in fact, without authority, and the same was never sanctioned, hut positively repudiated by Cartwright.. The book of stock was returned by Connell to, and accepted by the company. No notice to the company, or to Connell, that the subscription was repudiated, was given; but proof was offered- to show, that, as soon as Cunningham ascertained that the subscription for Cartwright was without authority, he repudiated, and announced that he would not pay his. This evidence was rejected by the Court, and that was certainly right, because, if the power existed at all to renounce and abandon his subscription, it clearly could only be done by notice to the agent, or to the company, in proper time.
If that defence could be made available at all, which *28 we need not decide in this case, the facts here presented are not such as to raise the question.
But, still, if the subscription was fraudulently obtained, and any injury resulted to him therefrom, he would have a good defence, though his name was accepted and entered upon the stock hook of the company, unless by his failure to notify them in a reasonable time after he discovered it, 'they would sustain an injury by its release. If he was deceived and defrauded, it would have been his duty to have notified the company, or its agent, of it, and his intention not to pay, before they incurred liabilities on account of it in the construction of the road. 2 Par. on Con., 278. Delay is evidence of a waiver.
It does not appear that there was any intentional wrong on the part of Connell, but that he had reasonable grounds to believe that his son-in-law, Cartwright, had made up his mind to take stock against his first determination. But, as it turned out, this was not so, and his name was entered without and against his consent, and he refused to ratify the act. But Connell made it good himself, and there was no injury on the score of the money, to the extent of those twenty shares. Yet Cunningham was deceived as to that fact, and so was Connell; and the latter sustained the injury by taking the stock upon himself. Still, it is true, that the condition upon which Cunningham subscribed failed-But, as a condition, it would not invalidate liis subscription, because it was not part of the writing signed by him. East Tennessee and Virginia Railroad v. Gammon, 5 Sneed, 567.
If it were an innocent mistake, on the part of Con- *29 nell, upon which he acted, he would be entitled to relief; but only in case he were injured by it, and took advantage of it in proper time. This he did not do, and the misrepresentation has done him no harm. It could not be material to his interest, as a stockholder, whether the amount was paid by Cartwright or another.
False representations in general, if not fraudulent, and form no part of the contract itself, will not vacate it. Chitty on Contracts, 682. But even if innocent, if the party acts upon them to his injury, relief will be afforded. 2 Parsons, 268. But there can be no relief against fraud which is not operative, and in its effects produces no injury or loss to' the party seeking redress on account of it. 1 Meigs’ Digest, § 33T; 2 Parsons on Contracts, 268.
The law and the facts are against the plaintiff in error, and he was, properly, subjected to the payment of his stock by the verdict and judgment below.
We affirm it.